UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:11-00012-24 |
| | ) | Judge Sharp |
| ANTHONY SHELTON | ) | |

**ORDER**

Amendment 782, which became effective on November 1, 2014, revised the United States Sentencing Guidelines by lowering the base offense level for most drug offenses under § 2D1.1. Pursuant to that Amendment, Defendant Anthony Shelton, who is serving a 151 month sentence, has filed a "Motion to Reduce Sentence" (Docket No. 2698), asking that his sentence be reduced to 121 months. He notes that, under the recalculated guidelines, his base offense level would drop from 31 to 29. With a criminal history category IV, his new base offense level would set his guideline range at 121-151 months, rather than 151-188 months..

The Government has filed a response in opposition, arguing that Defendant is not qualified for a reduction. The Court agrees.

Motions for modification of an imposed sentence are governed by 18 U.S.C. 3582(c)(2). "[S]imply because the Sentencing Commission issues a retroactive amendment lowering the sentencing guidelines" does not mean that a district court must or even can reduce as sentence. United States v. Lucas, 2016 WL 278929, at *3 (6th Cir. Jan. 22, 2016). Rather, "A defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) if '(1) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [U.S.] Sentencing Commission;' and '(2) such reduction is consistent with applicable

1

policy statements issued by the Sentencing Commission.'" United States v. Braden, 2016 WL 909359, at *2 (6th Cir. Mar. 10, 2016) (citation omitted, bracket in original).

Defendant entered into a Rule 11(c)(1)(C) plea agreement with the Government. It was that agreement, not the guideline range, that led to his 151 month sentence.

In a concurring opinion in Freeman v. United States,131 S. Ct. 2685 (2011), Justice Sotomayor stated that a Rule 11(c)(1)(C) sentence may be "based on" a sentencing range for purposes of 18 U.S.C. § 3582(c)(2) if "the basis for the specified term is a Guidelines sentencing range" that is "evident from the [plea] agreement.'" Id. at 2697 (Sotomayor, J., concurring). Since then, the Sixth Circuit has "identified Justice Sotomayor's concurring opinion as providing the framework that governs the inquiry into whether a defendant sentenced pursuant to a Rule 11(c)(1)(C) agreement qualifies for § 3582(c)(2) relief," and "unequivocally held that '[a] defendant's sentence – for purposes of [§ 3582(c)(2) ] – is based on a guideline range only when that guideline range is explicitly referenced in a plea agreement.'" United States v. McNeese, 2016 WL 1553730, at *6 (6th Cir. Apr. 18, 2016) (quoting United States v. Douglas, 606 F. App'x 287, 289-90 (6th Cir. 2015)). "As that language suggests, the only cases in which [the Sixth Circuit] has found a Rule 11(c)(1)(C) sentence to be 'based on' a Guidelines sentencing range have been those in which the plea agreement explicitly referenced a such a range." Id. (collecting cases); see also United States v. Riley, 726 F.3d 756, 760 (6th Cir. 2013) (for a defendant's sentenced to be based on the guideline range, the range must be "explicitly referenced" and "expressly relied upon" in determining defendant's sentence).

The plea agreement entered into in this case contained no estimate or agreement as to the guideline calculation, and no agreement as to an offense level or a criminal history category.

Instead, in pertinent part, it reads:

> 9. The parties acknowledge that the presentence report which will be prepared by the U.S. Probation Office will contain recommendations as to the applicable guideline calculations. The parties shall remain free to raise any objection to the U.S.S.G. calculations (both offense level and criminal history calculations) which will be contained in the presentence report prepared by the U.S. Probation Office in this case, except that the defendant acknowledges that his relevant conduct includes at least 280 grams of crack cocaine and at least 500 grams of cocaine, and that the and other members of the drug conspiracy possessed and carried firearms as part of the drug conspiracy. However, <u>the parties agree that the U.S.S.G calculations for this defendant are moot so long as the Court imposes the agreed imprisonment sentence in this case</u>. The parties acknowledge that the Court will resolve any remaining disputes about the applicable calculations to the extent the Court determines that any such disputed matters are material to whether the Court will impose the sentence agreed to in this plea agreement.
>
> 10. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G. §3E1.1.(b), because the defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.
>
> 11. <u>The parties are free to object to any other guideline calculation in the presentence report, but the parties agree that any such disputes are not material in the circumstances of this case so long as the Court accepts and imposes the sentence agreed to herein under Fed. R. Crim. P. 11(c)(1)(C)</u>.

(Docket No. 1206 at 12, emphasis added).

Moreover, Defendant was sentenced by Judge Wiseman to the agreed term of imprisonment on the day the plea was entered. At that time, the presentence report calculations had not yet been presented to the Court.

"Because [Defendant's] plea agreement nowhere mentions a sentencing range, [Sixth Circuit] precedents prevent him from availing himself of § 3582(c)(2)." <u>McNeese</u>, 2016 WL

3

1553730, at *6 . Accordingly, Defendant's Motion to Reduce Sentence (docket No. 2698) is DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE